| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Paul M. Rosenblatt<br>Colin M. Bernardino (pro hac vice admission pending)<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, GA 30309-4528<br>(404) 815-6500 \| Telephone<br>prosenblatt@ktslaw.com<br>cbernardino@ktslaw.com<br><br>*Counsel for Manhattan Associates, Inc.,* | |
| In Re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1] | Chapter:    11<br><br>(Jointly Administered)<br><br>Case No.:    25-ap-01068 (VFP) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),<br><br>           Plaintiff,<br><br>v.<br><br>Manhattan Associates, Inc.,<br><br>           Defendant. | |

## MANHATTAN ASSOCIATES, INC.'S ANSWER TO COMPLAINT

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

Manhattan Associates, Inc. ("Manhattan" or "Defendant"), by and through its undersigned counsel, hereby files its *Answer to Complaint* (this "Answer") to Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.)'s (the "Plan Administrator" or "Plaintiff") *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") [Dkt. No. 1], and in support thereof, respectfully states as follows:

## JURISDICTION AND VENUE

1.   Defendant admits that the Complaint alleges claims and seeks relief pursuant to sections 547, 548, and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") as described in Paragraph 1 of the Complaint, but specifically denies that it has received any transfers that might be avoidable under sections 547, 548, and 550 or that it is liable to the Debtors for any claims or amounts asserted by Plaintiff.

2.   Defendant admits that Paragraph 2 of the Complaint alleges claims and seeks relief pursuant to section 502 of the Bankruptcy Code to disallow "any claim that Defendant has filed or asserted against the Debtors and/or that has been scheduled for Defendant" (the "Claims") as described in Paragraph 2 of the Complaint, but specifically denies that that there is any basis for objection or disallowance of the Claims.

3.   Admitted.

4.   Admitted. Defendant consents to the entry of final orders or judgments by the United States Bankruptcy Court for the District of New Jersey (the "Court") in this matter pursuant to Rules 7008 and 7012 of the Federal Rules of Bankruptcy Procedure and D.N.J. LBR 7016-1(e) of the Local Rules for the Bankruptcy Court of New Jersey.

5.   Admitted.

6. The allegations set forth in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11. Admitted.

12. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies the same.

13. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14. The Plan is a document that speaks for itself to which no answer is required.[2] To the extent a response is required, Defendant denies the allegations.

15. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

---

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them as in the Complaint.

16. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

17. Defendant admits that it is in the business of providing technology solutions that solve complex business problems in supply chain, inventory, and omni channel commerce ("SaaS Services"). Prior to the date the Debtors filed their bankruptcy petitions (the "Petition Date"), debtor Bed Bath & Beyond, Inc. ("BB&B") entered into several contracts with Defendant (the "Manhattan Contracts"). Pursuant to the Manhattan Contracts, Defendant provided to BB&B (i) SaaS Services, and (ii) technical support services, among other things. Defendant further admits that the Transfer listed on Exhibit A to the Complaint was a payment made by BB&B to Defendant with respect to the Manhattan Contracts. Defendant denies all other allegations in Paragraph 17 of the Complaint, including any allegations related to the invoice identified on Exhibit A to the Complaint.

18. Admitted.

19. Defendant admits that Paragraph 19 of the Complaint alleges that Plaintiff is seeking to avoid the Transfer made by BB&B to Defendant as set forth on Exhibit A to the Complaint, but specifically denies that it has received any transfers that might be avoidable.

20. Admitted.

21. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies the same, but does not dispute the content of 11 U.S.C. § 547(g) as the statute speaks for itself or the applicability of the affirmative defense. Defendant denies any allegation that the amount of subsequent new value provided to the Debtors after the Transfer is limited to $35,416.74 or that

the Defendant's only valid defenses to the Complaint arise under 11 U.S.C. § 547(c)(4). Defendant denies all other allegations contained in paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies the same.

23. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore denies the same.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

24. Defendant hereby restates and reasserts the admissions and denials of the respective allegations contained in Paragraphs 1 through 23 of the Answer.

25. Admitted.

26. Admitted.

27. Defendant denies that any goods or services are identified in the Complaint. Defendant admits that it was a creditor at the time of the Transfer. Defendant denies all other allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits that the Transfer was to or for the benefit of the Defendant. Defendant denies all other allegations contained in Paragraph 28 of the Complaint.

29. Admitted.

30. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies the same.

31. Admitted.

32. Defendant is without sufficient knowledge and information to form a belief about the truth of the allegations set forth in Paragraph 32 of the Complaint and therefore denies the same.

33. The allegations set forth in Paragraph 33 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations as Defendant asserts that (i) the Plaintiff has failed to establish its prima facie case for avoidance of the Transfer under 11 U.S.C. § 547(b), and (ii) the Transfer cannot be avoided due to Defendant's affirmative defenses set forth herein, including those under 11 U.S.C. § 547(c).

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

34. Defendant hereby restates and reasserts the admissions and denials of the respective allegations contained in Paragraphs 1 through 33 of the Answer.

35. Denied.

36. The allegations set forth in Paragraph 36 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

## Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

37. Defendant hereby restates and reasserts the admissions and denials of the respective allegations contained in Paragraphs 1 through 36 of the Answer.

38. Denied.

39. Denied.

40. The allegations set forth in Paragraph 40 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

### Fourth Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

41. Defendant hereby restates and reasserts the admissions and denials of the respective allegations contained in Paragraphs 1 through 40 of the Answer.

42. Denied.

43. Denied.

44. The allegations set forth in Paragraph 44 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

45. The allegations set forth in Paragraph 45 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Additionally, the Plaintiffs have failed to establish cause for the relief sought under 11 U.S.C. § 502(j).

46. Defendant denies that Plaintiff is entitled to any of the relief sought in the "PRAYER FOR RELIEF."

### AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Ordinary Course of Business – 11 U.S.C. § 547(c)(2))

47. The alleged preferential Transfer is not avoidable under 11 U.S.C. § 547(c)(2) because it was a payment made in the ordinary course of business or financial affairs of BB&B and Defendant.

48. The alleged preferential Transfer was made in the ordinary course of business, consistent with the course of dealing between BB&B and Defendant, and consistent with the prevailing industry practices and standards.

49. The alleged preferential Transfer was made according to the customary terms of payment between BB&B and Defendant, and within a reasonable period of time in relation to the date on which the underlying debt was incurred.

50. Accordingly, Defendant's receipt of the alleged preferential Transfer was made in the ordinary course of business and should not be avoided.

## Second Affirmative Defense
### (Subsequent New Value – 11 U.S.C. § 547(c)(4))

51. The alleged preferential Transfer is not avoidable under 11 U.S.C. § 547(c)(4) as it was made in exchange for new value provided by Defendant to BB&B.

52. Specifically, Defendant provided new value in the form of, among other things, valuable Saas Services and technical support services to BB&B after the alleged preferential Transfer was made, and this new value was not secured by an otherwise unavoidable security interest.

53. The new value provided by Defendant was not repaid by the Debtors through any subsequent transfers that are themselves subject to avoidance as preferential or fraudulent transfers under the Bankruptcy Code.

54. Accordingly, Defendant's receipt of the alleged preferential Transfer was in exchange for the new value provided to BB&B, and the Transfer should not be avoided.

### Third Affirmative Defense
### (Estoppel)

55. To the extent the Plaintiff seeks to disallow any claims of Defendant that have been previously allowed and paid by the Debtors after the Petition Date, Plaintiff is estopped from seeking disallowance of the same.

### RESERVATION OF RIGHTS

56. Defendant reserves the right to amend its Answer during, or upon completion, of discovery herein to assert such other defenses, affirmative or otherwise, and such other claims which may appear necessary and appropriate, to any counts in the Complaint.

Dated: May 27, 2025

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: /s/ *Paul M. Rosenblatt*

Paul M. Rosenblatt
Colin M. Bernardino (*pro hac vice* admission pending)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: prosenblatt@ktslaw.com
Email: cbernardino@ktslaw.com

*Counsel for Defendant*